

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,409-01

### EX PARTE ABEL RIOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20040D00922-210-1 IN THE 210TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of injury to a child with intent to cause serious bodily injury with a deadly weapon and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Rios v. State,* No. 08-06-00211-CR (Tex. Crim. App.—El Paso, Sept. 24, 2008). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Over eleven years after Applicant learned that his conviction had been affirmed on direct appeal, he contends that appellate counsel was ineffective for failing to timely inform him of his right to file a *pro se* PDR. He states that this failure deprived him of the opportunity to file a PDR.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528

U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Further, the current record supports a *sua sponte* laches inquiry. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. The court shall also give Applicant an opportunity to explain his delay. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The court shall also make findings and conclusions as to whether laches bars Applicant's request for relief. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish